# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1158V
Filed: January 16, 2025

| | |
|---|---|
| CONSTANTINE BASDAKIS,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Master Horner |

*Lisa Annette Roquemore*, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 8, 2020, the petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that he suffered multiple joint pains and inflammatory arthritis, including in his left shoulder, as a result of his October 13, 2017 pneumococcal conjugate vaccine. (*Id.*) Petitioner filed an expert report further contending that he suffered vaccine-caused polymyalgia rheumatica ("PMR"). (Ex. 6.) However, in June of 2022, I held a Rule 5 status conference in which I explained that petitioner was unlikely to prevail on his PMR claim but noted that that expert opinions in the case appeared to support a separate claim for a shoulder injury related to vaccine administration ("SIRVA"). (ECF No. 43.) Thereafter, the parties settled the case as a disputed SIRVA claim. (ECF No. 61.) On January 23, 2024, the undersigned issued a

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

decision awarding damages based on the parties' stipulation.  (ECF No. 62.)  On June 20, 2024, petitioner filed a final motion for attorneys' fees and costs.  (ECF No. 67.)  Petitioner's counsel requests a total of $130,217.71 for attorneys' fees and costs, including $108,215.00 for attorneys' fees and $22,002.71 for costs.  (*Id.* at 2.)  Petitioner incurred personal costs totaling $4,076.34.  (*Id.*)

On August 27, 2024, respondent filed a response to petitioner's motion.  (ECF No. 68.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent requests that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs.  (*Id.* at 4.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 300aa-15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Dep't of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  However, "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  Vaccine Rule 13(a)(3).  Special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 67.)  The hourly rates are consistent with what has been awarded in prior cases.  However, Ms. Roquemore has a history of excessive billing warranting reduction.  Previous decisions have commented on excessive client communications, completing junior-level, paralegal-like work, or administrative tasks, at her full hourly rate, and for devoting work hours to "misplaced" efforts.  *E.g.*, *D.S. v. Sec'y of Health & Human Servs.*, No. 10-77V, 2017 WL 6397826, at 3–5 (Fed. Cl. Spec. Mstr. Nov. 20, 2017) (reducing fees by 10% due to excessive client and interoffice communications,

duplicative billing, and time spent on administrative tasks); *Sanchez v. Sec'y of Health & Human Servs.*, No. 11-685V, 2021 WL 6211169, at *12 (Fed Cl. Spec. Mstr. Dec. 8, 2021 (noting excessive time spent on certain tasks and time spent on junior-level work billed at full hourly rate); *Iniguez v. Sec'y of Health & Human Servs.*, No. 18-1537V, 2023 WL 3729843, at *4–6 (Fed. Cl. Spec. Mstr. May 30, 2023) (finding that Ms. Roquemore's nearly six-figure fee for a case that settled for $10,000.00 reflected a lack of billing judgment and reducing the fee by 15%); *D.G. v. Sec'y of Health & Human Servs.*, No. 11-577V, 2020 WL 3265015, at *4 (Fed. Cl. Spec. Mstr. May 22, 2020 (explaining that counsel's performance contributed to "'perplexing' twists and turns" in the case and that "the case need not have generated the high fees and costs that it has over the lengthy period it was litigated."); *J. T. v. Sec'y of Health & Hum. Servs.*, No. 12-618V, 2018 WL 4623163, at *6 (Fed. Cl. Apr. 20, 2018) (finding that Ms. Roquemore billed for an excessive amount of time to complete several tasks); *Sanchez v. Sec'y of Health & Hum. Servs.*, No. 11-685V, 2016 WL 909186, at *9 (Fed. Cl. Spec. Mstr. Feb. 17, 2016) (reducing Ms. Roquemore's billable hours due to excessive billing practices); *Brown v. Sec'y of Health & Hum. Servs.*, No 09-426V, 2013 WL 1790212, at *3 (Fed. Cl. Spec. Mstr. Apr. 8, 2013) (finding that some of the hours billed by Ms. Roquemore were excessive and unreasonable).  While nothing in counsel's billing records in this case stands out as egregious, review of billing entries does show continuation of the types of billing practices for which reductions have previously been taken.  Moreover, the procedural history of this case is notable insofar as the bulk of counsel's efforts in this case pertained to a claim that petitioner ultimately did not support.  *Accord Iniguez*, 2023 WL 3729843, at *4–6 (questioning counsel's billing judgment in misplaced efforts); *D.G.,* 2020 WL 3265015, at *4–5 (explaining that counsel spent excessive time litigating injuries that were ultimately abandoned). Considering all of this, a 10% reduction to counsel's fees is appropriate.  This results in a reduction from $108,215.00 to $97,393.50.

The undersigned **GRANTS** petitioner's motion for attorneys' fees and costs with the above-referenced reduction.

**Accordingly, the undersigned awards $123,472.55 (representing $119,396.21 for petitioner's counsel's fees and costs and $4,076.34 for petitioner's personally incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel Horner**
Daniel Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.